**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **ACR DEALER FUNDING, L.L.C.** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>)<br>)<br>**AUTO BROKERS USA CORP.**, a Florida )<br>Corporation, **ASHLEY A. TALAVERA,** )<br>**ADELFO GIZ, AND RIGOBERTO IVAN** )<br>**PEREZ** )<br>)<br>**Defendants.** ) | Civil Action No. 3:17-CV-83-CRS |

## **ANSWER**

Now comes the Defendants, Auto Brokers USA Corp. ("Auto Brokers"), Ashley Talavera ("Talavera") and Adelfo Giz ("Giz") (collectively "Defendants") and for their Answer to Plaintiff ACR Dealer Funding, LLC's ("ACR" or "Plaintiff") Complaint, states as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, because Plaintiff has failed to join indispensable parties.

3. Plaintiff's claims are barred in whole or part, because of Plaintiff's comparative or contributory negligence.

4. Plaintiff's claims are barred in whole or part by Plaintiff's own conduct, or by the conduct of its principals, agents, representatives, and consultants.

5. Plaintiff's claims are barred in whole or part by the doctrine of estoppel.

6. Defendants are entitled to recoupment or set-off against any losses that are attributable to Plaintiff's actions or omissions, or the action of omissions of its principals, agents, representatives, and consultants.

7. Plaintiff's claims are barred for lack of consideration.

8. Plaintiff's claims are barred based on Plaintiff's fraud in the inducement and fraud in the execution.

9. Plaintiff's claims are barred due to Plaintiff's unclean hands.

10. Plaintiff's claims are barred in whole or part, by Plaintiff's failure to mitigate its own damages.

11. Plaintiff's claims are barred, because it failed to satisfy the conditions precedent.

12. Plaintiff's claims are barred, because it is asserting claims that have already been asserted in a prior pending action.

13. Plaintiff's claims are barred by Plaintiff's breaches of contract.

14. Plaintiff's claims are barred, because Plaintiff prevented Defendants' performance.

15. Plaintiff's claims are barred by Plaintiff's bad faith.

16. Plaintiff's equitable claims are barred because Plaintiff has an adequate remedy at law and cannot establish irreparable harm.

17. Plaintiff's claims for punitive damages are barred in whole or in part by KRS 411.184, et seq., and to the extent that any punitive damages award violates the Kentucky and United States' Constitutions.

18. Defendants reserve the right to assert any additional affirmative defenses that surface after further discovery and investigation, and/or in response to further claims and pleadings.

19. In response to the numbered paragraphs of the Amended Complaint, Defendants Auto Brokers, Talavera and Giz plead as follows:

    a. Admit the allegations contained in paragraphs 1-3 and 5 of the Amended Complaint;

    b. Deny the allegations contained in paragraphs 4, 7, 15-18, 20-23, 25-27, 30-32, 36-38, 40-44, 46-48, and 50-54.

    c. With respect to the allegations contained in paragraph 6 of the Amended Complaint, Defendants admit that Giz has a beneficial interest in Auto Brokers and makes business decisions on behalf of Auto Brokers, but deny the remaining allegations of paragraph 6.

    d. Paragraph 8, 10 and 29 of the Amended Complaint states conclusions of law which require no response. To the extent paragraphs 8, 10 and 29 contain allegations of fact, Defendants deny said allegations.

    e. Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 9 and therefore deny same. Defendants deny all remaining allegations contained in paragraph 9.

    f. With respect the allegations contained in paragraph 11 of the Amended Complaint, Defendants admit that a Floor Plan Agreement existed between ACR and Auto Brokers, state that the Floor Plan Agreement speaks for itself and deny any allegations regarding the Floor Plan Agreement which are inconsistent with its terms. Defendants deny all other allegations contained in paragraph 11.

    g. With respect the allegations contained in paragraph 12 of the Amended Complaint, Defendants state that the Floor Plan Agreement speaks for itself and

deny any allegations that are inconsistent with its terms. Defendants deny all other allegations contained in paragraph 12.

h.  With respect the allegations contained in paragraph 13 of the Amended Complaint, Defendants state that the Floor Plan Agreement speaks for itself and deny any allegations that are inconsistent with its terms. Defendants deny all other allegations contained in paragraph 13.

i.  With respect the allegations contained in paragraph 14 of the Amended Complaint, Defendants state that the Floor Plan Agreement speaks for itself and deny any allegations that are inconsistent with its terms. Defendants deny all other allegations contained in paragraph 14.

j.  With respect the allegations contained in paragraph 34 of the Amended Complaint, Defendants state that the Floor Plan Agreement speaks for itself and deny any allegations that are inconsistent with its terms. Defendants deny all other allegations contained in paragraph 34.

k.  Defendants are without sufficient information to admit or deny the allegations contained in paragraph 35 of the Amended Complaint and therefore deny same and demand strict proof thereof.

l.  With respect to the allegations contained in paragraphs 19, 24, 28, 33, 39, 45, and 49 of the Amended Complaint, Defendants adopt and incorporate by reference herein the responses to all the preceding paragraphs respectively referenced in each of those paragraphs.

**DEFENDANTS HEREBY DEMAND A JURY
OF THEIR PEERS ON ALL CLAIMS SO JUSTICIABLE**.

WHEREFORE, Defendants, Auto Brokers, Talavera and Giz pray that:

A. The Amended Complaint against them be dismissed with prejudice in its entirety;

B. The Plaintiff be ordered to pay Defendants their expenses, costs and reasonable attorneys' fees incurred herein; and

C. Defendants be granted all other legal and equitable relief to which they might be entitled.

/s/ B. Ballard Rogers
B. Ballard Rogers
BALLAD ROGERS LAW OFFICE, PLLC
539 W. Market St., Suite 300
Louisville, Kentucky 40202
Ph: (502) 640-3535
Fax: (502) 582-2296
ballard@ballardrogerslaw.com
ATTORNEY FOR DEFENDANTS