UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ACR DEALER FUNDING, L.L.C.                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:17-cv-00083-CRS

AUTO BROKERS USA CORP., a Florida
Corporation, ASHLEY A. TALAVERA,
ADELFO GIZ, and RIGOBERTO IVAN
PEREZ                                                                          DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Plaintiff ACR Dealer Funding, L.L.C. ("Plaintiff") to remand the case to the Hardin County, Kentucky Circuit Court, ECF No. 5. Defendants Auto Brokers USA Corp., Ashley A. Talavera, and Adelpho Giz (collectively, "Defendants") responded, ECF No. 6. Plaintiff replied, ECF No. 7. For the reasons explained below, the Court will grant Plaintiff's motion to remand the case to the state court.

II.  Background

Plaintiff filed its original complaint against Defendants in the Hardin County Circuit Court on August 26, 2016. Compl. 1, ECF No. 5-1. The body of the original complaint identified Plaintiff as "ACR Dealer Funding, L.L.C." *Id*. at 2. But the caption of the original complaint identified Plaintiff as "ACR of South Florida, L.L.C." *Id*. at 1. On January 18, 2017, Plaintiff filed an amended complaint in the Hardin County Circuit Court. Am. Compl. 1, ECF No. 5-2. In relevant part, the amended complaint changed the identification of Plaintiff in the caption to "ACR Dealer Funding, L.L.C." *Id*. Soon after Plaintiff's filing of the amended complaint in the

state court, on February 10, 2017, Defendants filed a notice to remove the case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. Not. Removal 1–2, ECF No. 1.

III. Discussion

Plaintiff now seeks to remand the case to the Hardin County Circuit Court. Mot. Remand 1, ECF No. 5. Plaintiff argues that Defendants' notice of removal was untimely because it was filed more than thirty days after they had been served with the original complaint. *Id*. at 3–4. Defendants, however, appear to invoke the "revival exception" to the thirty day window: they maintain that their notice of removal was timely because the time to remove began anew when the amended complaint—which identified "ACR Dealer Funding, L.L.C." as the plaintiff—was filed. Resp. Opp. Mot. Remand 2–6, ECF No. 6. Defendants explain that "[t]he substitution of an entirely new plaintiff in the Amended Complaint was tantamount to a brand new action being brought by a brand new plaintiff." *Id*. at 4.

In general, a notice of removal must be served within thirty days after the initial pleading is served on or received by the defendant. 28 U.S.C. § 1446(b)(1). If a case is not initially removable, a notice of removal may be filed within thirty days after the defendant receives a copy of an amended pleading, motion, order, or paper from which it can be determined that the case has become removable. *Id*. § 1446(b)(3). The United States Court of Appeals for the Sixth Circuit has held that the "strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (citations omitted). This thirty day rule has two purposes:

> On the one hand it forecloses a defendant from adopting a "wait and see" approach in the state court; specifically, it prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking . . . On the second hand, the statutory requirement

> minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court.

*Brown v. N.J. Mfrs. Ins. Group*, 322 F. Supp. 2d 947, 950 (M.D. Tenn. 2004) (citing *Nasco, Inc. v. Norsworthy*, 785 F. Supp. 707, 710 (M.D. Tenn. 1992)).

Under the "revival exception" to § 1446(b)(1), which the Sixth Circuit has yet to adopt, a party's right to remove may be revived after thirty days, even if the case was originally removable, if the "plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference*, 668 F.2d 962, 965 (7th Cir. 1982), *cert. denied*, 459 U.S. 831 (1982) (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)).

In this case, Defendants were untimely in removing the case to this Court. Plaintiff filed its original complaint on August 26, 2016. Compl. 1, ECF No. 5-1. Given the allegations in the original complaint, the case was initially removable under diversity jurisdiction. *See id*. ¶¶ 1–8, 27, 32, 38, 44, 48, 53, 54, ECF No. 5-1 (listing citizenship of parties and damages); 28 U.S.C. § 1332 (listing requirements for diversity jurisdiction). Although the case was initially removable, Defendants waited more than thirty days after the filing of the original complaint, until February 10, 2017, to remove the case to this Court. Not. Removal 1, ECF No. 1. Plaintiff's filing of an amended complaint on January 28, 2017 did not change the untimely status of Defendants' notice of removal. Because the case was initially removable, Plaintiff's amended complaint was not an amended pleading, motion, order, or paper from which it could be determined that the case had suddenly become removable under 28 U.S.C. § 1446(b)(3).

Assuming arguendo that the "revival exception" to § 1446(b)(1) applies in the Sixth Circuit, the change in the plaintiff's name on the caption of the case did not affect the nature of the action such that a substantially new suit began. Therefore, Defendants' arguments against

3

remanding the case to state court are unavailing, and the Court will grant Plaintiff's motion to remand the case to the Hardin County Circuit Court.

IV. <u>Conclusion</u>

The Court will grant Plaintiff's motion to remand the case to the Hardin County Circuit Court.

April 18, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**