UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ACR DEALER FUNDING, L.L.C.                                            PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:17-cv-00083-CRS

AUTO BROKERS USA CORP., a Florida
Corporation, ASHLEY A. TALAVERA,
ADELFO GIZ, and RIGOBERTO IVAN
PEREZ                                                                 DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Plaintiff ACR Dealer Funding, L.L.C. ("Plaintiff") for an entry of an order awarding costs and attorney fees under 28 U.S.C. § 1447(c), ECF No. 10. Defendants Auto Brokers USA Corp., Ashley A. Talavera, and Adelpho Giz (collectively, "Defendants") responded, ECF No. 11. Plaintiff replied, ECF No. 12. For the reasons explained below, the Court will deny Plaintiff's motion for an award of costs and attorney fees.

II. Background

Plaintiff filed its original complaint against Defendants in the Hardin County, Kentucky Circuit Court on August 26, 2016. Compl. 1, ECF No. 5-1. The body of the original complaint identified Plaintiff as "ACR Dealer Funding, L.L.C." *Id*. at 2. But the caption of the original complaint identified Plaintiff as "ACR of South Florida, L.L.C." *Id*. at 1. On January 18, 2017, Plaintiff filed an amended complaint in the Hardin County Circuit Court. Am. Compl. 1, ECF No. 5-2. In relevant part, the amended complaint changed the identification of Plaintiff in the caption to "ACR Dealer Funding, L.L.C." *Id.*

1

Defendants filed a notice of removal on February 10, 2017. Not. Removal 1, ECF No. 1. On February 28, 2017, Plaintiff moved to remand the case to the Hardin County Circuit Court. Mot. Remand 1, ECF No. 5. Plaintiff argued that Defendants had failed to timely remove the case to this Court within thirty days of receiving the complaint, as is required by 28 U.S.C. § 1446(b)(1). *Id*.

As explained by the Court in its memorandum opinion, Defendants did not contest that a case must be removed to federal court within the thirty-day window. Mem. Op. 4/19/2017 2, ECF No. 8. Instead, Defendants appeared to invoke the "revival exception" to the thirty-day window. *Id*. Defendants maintained that their notice of removal was timely because the time to remove began anew when the amended complaint—which identified "ACR Dealer Funding, L.L.C." as the plaintiff—was filed. *Id*.

This Court determined that Defendants had untimely removed the case to federal court. *Id*. at 3. Additionally, the revival exception did not excuse Defendants' untimely removal because the amended complaint did not "affect the nature of the action such that a substantially new suit began." *Id*. Thus, the Court granted Plaintiff's motion to remand the case to the Hardin County Circuit Court. Order 4/19/2017 1, ECF No. 9.

III.   Discussion

Plaintiff now seeks an award of costs and attorney fees under 28 U.S.C. § 1447(c) for sums that were incurred as a result of Defendant's removal to federal court. Mot. Costs & Fees 1, ECF No. 10. Plaintiff asserts that it is entitled to an award of costs and attorney fees because Defendants' removal notice was objectively unreasonable. *Id*. at 2–3. Defendants argue in opposition that "an objectively reasonable basis existed for believing the removal was appropriate" because they "reasonably believed that the filing of the Amended Complaint was

the 'initial pleading' under 28 U.S.C. § 1446(b)(1) which triggered the start of the thirty (30) removal period" and because other jurisdictions have adopted the "revival exception" to the thirty-day removal window. Resp. Opp. Mot. Cost & Fees 1–5, ECF No. 11.

28 U.S.C. § 1447(c) permits the court, after remanding a case to state court, to award "just costs and any actual expenses, including attorney fees" that were incurred as a result of the removal. The Supreme Court has instructed that fee awards are appropriate only when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Sixth Circuit has likewise explained that "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059–60 (6th Cir. 2008) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005)).

Here, Defendants' attempt to remove the action to federal court was fairly supportable. Kentucky Civil Rule 10.01 requires that the plaintiff list "the names of all the parties" in the complaint's "style of the action." Defendants' argument that the identification in the caption of the original complaint of Plaintiff as "ACR of South Florida, L.L.C." meant that ACR of South Florida, L.L.C. was the sole and correct plaintiff was objectively reasonable. Moreover, Defendants' revival exception argument was objectively reasonable because some jurisdictions have adopted the "revival exception" to the thirty-day removal window, *see, e.g.*, *Wilson v. Intercollegiate (Big Ten) Conference*, 668 F.2d 962, 965 (7th Cir. 1982), and Defendants could reasonably have believed that changing the identification of the plaintiff in the caption of the complaint also substantially changed the nature of the action. Accordingly, Plaintiff's motion for an award of costs and attorney fees will be denied.

IV.	Conclusion

The Court will deny Plaintiff's motion for an award of costs and attorney fees under 28 U.S.C. § 1447(c). An order will be issued in accordance with this memorandum opinion.

July 24, 2017

Charles R. Simpson III, Senior Judge
United States District Court

4